# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Bradford Alexander Rawlinson,
Respondent

Appellate Case No. 2019-001513

Opinion No. 27926
Submitted October 17, 2019 – Filed November 6, 2019

## DEFINITE SUSPENSION

John S. Nichols, Disciplinary Counsel, and Ericka M.
Williams, Senior Assistant Disciplinary Counsel, both of
Columbia, for the Office of Disciplinary Counsel.

John Magruder Read, IV, of The Read Law Firm, of
Greenville, for Respondent.

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (the Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR.  In the
Agreement, Respondent admits misconduct and consents to the imposition of a
definite suspension not to exceed three years.  We accept the Agreement and
suspend Respondent from the practice of law in this state for eighteen (18) months,
retroactive to July 23, 2018, the date of his interim suspension.  *In re Rawlinson*,
424 S.C. 15, 817 S.E.2d 632 (2018).  The facts, as set forth in the Agreement, are
as follows.

## Facts

*Matter I*

On April 18, 2018, Respondent was placed on administrative suspension for failing
to file a report showing his compliance with the continuing legal education (CLE)
requirements pursuant to Rule 408, SCACR, for the reporting year ending in

February 2018. On June 15, 2018, the Commission on CLE informed the Chief Deputy Clerk of the Supreme Court Respondent was in compliance with the CLE requirements; however, Respondent never filed a petition with the Court seeking reinstatement from his administrative suspension.

*Matter II*

On May 1, 2018, Respondent contacted an assistant solicitor and a circuit court judge on behalf of a client Respondent believed was wrongfully arrested on a bench warrant. On a three-way call between Respondent, the assistant solicitor, and the judge, the judge informed Respondent he could not entertain Respondent's proposal regarding the client given Respondent's administrative suspension. Respondent contacted a colleague who assisted the client in lifting the bench warrant and being released from jail.

On June 14, 2018, the assistant solicitor emailed Respondent regarding the same client and requested Respondent have another attorney cover the case and bring the client to court on June 18, 2018. On June 18, 2018, Respondent emailed the assistant solicitor and stated he would be in court with the client as he (Respondent) "finally got clearance." At the time Respondent sent the email, he remained administratively suspended. Respondent did not appear with the client on June 18, 2018.

On June 22, 2018, Respondent again emailed the assistant solicitor and included the June 15, 2018 compliance letter from the Commission on CLE. In the email, Respondent informed the solicitor, "I included an email below I received last week that made me think I was good to go as far as CLEs. Unfortunately[,] I am still waiting [on] the approval (never going through this again)." Respondent further stated, "I need to meet with [the client] and another attorney who can try the case in my absence should I still be awaiting approval."

ODC mailed Respondent a Notice of Investigation (NOI) on May 15, 2018, requesting a response to the complaint regarding this matter within fifteen days. When Respondent failed to respond, he was served with a letter pursuant to *In re Treacy*, 277 S.C. 514, 290 S.E.2d 240 (1982). On July 6, 2018, ODC mailed Respondent a Supplemental NOI. In what would prove to be a pattern, Respondent did not respond to the NOI or the Supplemental NOI until January 2, 2019.

## Matter III

Complainant retained Respondent in December 2017 to represent her in a domestic matter. Respondent quoted Complainant a total fee of $1,500, plus a $150 filing fee. Complainant paid Respondent $1,250 of the quoted fee for the representation. Respondent failed to maintain reasonable communication with Complainant regarding her case. Respondent prepared the pleadings in the case, but did not file the documents because Complainant had not paid the full fee or the filing fee.

Respondent fell into a state of depression during his representation of Complainant that affected his ability to communicate with her regarding the case. However, he failed to withdraw from the representation when his mental condition materially impaired his ability to represent Complainant. The fee agreement between Respondent and Complainant was for a flat, non-refundable fee; however, the written agreement did not have the necessary advance-fee language required by Rule 1.5(f), RPC, Rule 407, SCACR.

Respondent did not respond to ODC's June 13, 2018 NOI and subsequent July 10, 2018 *Treacy* letter until January 2, 2019.

## Matter IV

The Complainant in this matter was an assistant solicitor assigned to prosecute a case involving one of Respondent's clients. On June 5, 2018, the client appeared in court and was questioned by the circuit court judge regarding his legal representation. The client indicated Respondent was representing him.

Respondent was paid a total of $7,200 over a period of time for the representation. Some of the fee payments were paid to Respondent prior to his administrative suspension, while other payments were made subsequent to his suspension. While on administrative suspension, Respondent visited the client at the county detention center on three separate occasions. Respondent did not submit a notice of representation in the matter but told ODC he would have entered his appearance once his fee was paid in full, which he anticipated would have occurred after his administrative suspension was lifted. The circuit court eventually appointed a public defender for the client.

After the appointment of the public defender, Respondent failed to refund any portion of the fee to the client. Respondent claimed his fee agreement with the

client was a flat, non-refundable fee; however, the written fee agreement did not contain the necessary advance-fee language required by Rule 1.5(f), RPC, Rule 407, SCACR.

Respondent did not respond to ODC's July 6, 2018 NOI and a subsequent August 10, 2018 *Treacy* letter until January 2, 2019.

*Matter V*

Complainant, a circuit court judge, was presiding over a term of general sessions when a defendant appeared before him on a motion to have his public defender relieved in favor of private counsel. The defendant advised the judge he had retained Respondent; however, Respondent's administrative suspension was brought to the judge's attention. The defendant informed the judge Respondent told him Respondent would have an attorney with whom Respondent shared office space handle the defendant's case if Respondent could not handle it himself. However, Respondent was on administrative suspension at the time he was retained by the defendant.

Respondent failed to return any portion of the fee to the defendant, claiming it was a flat, non-refundable fee; however, the written fee agreement did not have the necessary advance-fee language required by Rule 1.5(f), RPC, Rule 407, SCACR.

Additionally, Respondent did not respond to ODC's July 6, 2018 NOI and subsequent August 10, 2018 *Treacy* letter until January 2, 2019.

*Matter VI*

On May 17, 2018, while on administrative suspension, Respondent appeared with a client at a mediation conference in a domestic matter. Respondent was engaged in the conference and provided advice and guidance to the client during the mediation. At the conclusion of the mediation, a written agreement was signed by all parties, including Respondent.

Respondent did not respond to ODC's July 13, 2018 NOI and subsequent August 10, 2018 *Treacy* letter until January 2, 2019.

*Matter VII*

Complaint retained Respondent on November 20, 2017, to represent him in a criminal matter. After Respondent's administrative suspension, he ceased communicating with Complainant and failed to inform Complainant he could not communicate with him due to the administrative suspension. Respondent also failed to refund any portion of the fee to Complainant, claiming their fee agreement was for a flat, non-refundable fee. However, the written fee agreement did not have the necessary advance fee language required by Rule 1.5(f), RPC, Rule 407, SCACR.

Respondent did not respond to ODC's August 7, 2018 NOI and subsequent September 7, 2018 *Treacy* letter until January 2, 2019.

*Matter VIII*

Respondent was retained to represent a client in a criminal matter in January 2018. At the time he was retained, Respondent was paid $3,000 of his quoted $6,000 fee. Respondent informed the client's mother the client would appear before a judge to offer a plea on July 12, 2018. Respondent received the final payment of his fee on July 11, 2018. Respondent then informed the client's mother the client's plea would be on the docket for the week of July 23, 2018. However, at the time he made the statements regarding the date of the client's plea to the client's mother, Respondent did not have a confirmed plea date for the client. Further, Respondent was on administrative suspension at the time he accepted the balance of his fee and communicated the unconfirmed plea dates to the client's mother.

Respondent failed to return any portion of the fee to the client or the client's mother, claiming their agreement was for a flat, non-refundable fee. However, the written fee agreement did not have the necessary advance fee language required by Rule 1.5(f), RPC, Rule 407, SCACR.

Further, Respondent did not respond to ODC's August 7, 2018 NOI or subsequent September 7, 2018 *Treacy* letter until January 2, 2019.

*Matter IX*

Respondent agreed to represent Complainant pro bono in a criminal matter. After his administrative suspension, Respondent ceased communicating with

Complainant and failed to advise her he could not communicate with her due to his administrative suspension.

Respondent failed to respond to ODC's September 5, 2018 NOI until January 2, 2019.

*Matter X*

Respondent was retained to represent Complainant in a criminal matter in January 2018, and was paid $2,200 for the representation. After his administrative suspension, Respondent stopped communicating with Complainant and failed to advise Complainant he could not communicate with him due to his administrative suspension. Further, Respondent failed to return any portion of the fee to Complainant, claiming it was a flat, non-refundable fee. However, the written fee agreement did not include the necessary advance fee language required by Rule 1.5(f), RPC, Rule 407, SCACR.

## **Law**

Respondent admits that by his conduct he violated Rules 1.2 (scope of representation and allocation of authority); 1.3 (diligence); 1.4 (communication); 1.5(f) (requirements of written fee agreements for advanced fees); 1.16(a) (declining or withdrawing from representation); 1.16(d) (required duties of lawyer on termination of representation); 3.4(c) (fairness to opposing party and counsel); 4.1 (truthfulness in statements to others); 5.5(a) (prohibition on the unauthorized practice of law); 8.1(b) (knowingly failing to respond to a lawful demand for information from a disciplinary authority); and 8.4(e) (misconduct), RPC, Rule 407, SCACR.

Respondent also admits his conduct constitutes grounds for discipline under Rules 7(a)(1) (violating the Rules of Professional Conduct); 7(a)(3) (willfully violating a valid order of the Supreme Court, Commission, or panels of the Commission; knowingly failing to respond to a lawful demand from a disciplinary authority, including a request for a response); and 7(a)(5) RLDE (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), Rule 413, SCACR.

## Conclusion

We find Respondent's misconduct warrants a definite suspension from the practice of law in this state for eighteen (18) months.  Accordingly, we accept the Agreement and suspend Respondent for a period of eighteen (18) months, retroactive to the date of his interim suspension.

Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct (the Commission), or enter into a reasonable payment plan with the Commission, within sixty (60) days of the date of this opinion.  Additionally, Respondent shall enter into a restitution agreement with the Commission within sixty (60) days of this opinion for the payment of restitution to former clients Michelle Knox in the amount of $1,250; Robert Outen in the amount of $7,200; Drayton Lowry in the amount of $1,000; Brandon Trapp in the amount of $2,200; Brenda Adams and Codaris Burris in the amount of $6,000; and Jerry Wayne in the amount of $2,200.

Further, for a period of two years Respondent shall submit quarterly reports from his medical treatment provider to the Commission regarding his treatment compliance.  An investigative panel will review this matter at the end of the two-year period beginning with the date of this opinion.  The panel may unilaterally extend the monitoring terms for an additional period of one year if the panel deems additional time appropriate or necessary

We also take this opportunity to remind Respondent that, prior to seeking reinstatement, he must demonstrate his compliance with Rule 33, RLDE, Rule 413, SCACR (reinstatement following a definite suspension of nine months or more), including completion of the Legal Ethics and Practice Program Ethics School within one year prior to filing a petition for reinstatement.

Finally, within fifteen (15) days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing he has complied with Rule 30, RLDE, Rule 413, SCACR (duties following suspension).


**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**